UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

FLORENTINO CABRERA,

                        Plaintiffs,

          - against -

THE CITY OF NEW YORK,

and

Matthew Giacalone
c/o New York Police Dept.
120th Precinct
78 Richmond Terrace
Staten Island, NY 10301

                        Defendants.

-------------------------------------------------------------X

Case No. 19-cv-1164 (WFK) (RER)

**AMENDED COMPLAINT**

**Jury Trial Demanded**

      Plaintiff, FLORENTINO CABRERA complaining of the defendants, by his attorneys, SHIMKO LAW PC, alleges for his complaint as follows:

## THE PARTIES

1. At all times mentioned herein, the plaintiff, FLORENTINO CABRERA is a natural person residing in the City and State of New York, County of RICHMOND

2. Upon information and belief, the defendant THE CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

3. The defendant Matthew Giacalone is a police officer who arrested the plaintiff and who was involved with filing charges against the plaintiff on or about May 2, 2018.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

5. Venue is properly placed in the United States District Court for the Eastern District of New York since a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE UNDERLYING FACTS

6. Upon information and belief, on or about May 2, 2018, the plaintiff was riding his bicycle on Richmond Terrace in Richmond County when a police car, without lights or sirens, pulled out of out of a gate off plaintiff's side of the road, with the front of the vehicle protruding into the plaintiff's lane of travel which the plaintiff struck.

7. Defendant Giacalone and several other officers exited the police vehicle.

8. Giacalone tried to pick the plaintiff off the ground.

9. Plaintiff requested an ambulance.

10. Giacalone insisted the plaintiff did not need an ambulance and that he should proceed on his way.

11. When the plaintiff again pleaded that he needed an ambulance, one of the officers with Giacalone called an ambulance, however Giacalone retaliated by issuing a criminal court appearance ticket and placing the plaintiff under arrest.

12. The ticket was for reckless driving, despite the fact that the plaintiff had the right of way and was riding a bicycle which is not subject to the reckless driving statute cited by Giacalone.

13. The plaintiff was transported to Richmond University Medical Center where he spent the next two days in handcuffs.

14. Ultimately, the charges against the plaintiff were dismissed outright.

15. Upon information and belief, the defendants never had any probable cause to issue the ticket or to arrest the plaintiff in the first place.

## **FIRST CLAIM FOR RELIEF**

16. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

17. Upon information and belief, at all times relevant to this complaint, the defendants were acting under the color of state authority.

18. Upon information and belief, at all times relevant to this complaint, the defendants subjected the plaintiff to the aforementioned conduct, which constituted a deprivation of his rights, privileges, and immunities settled by the Constitution and laws of the United States of America and the State of New York.

19. Among other things, the defendants wrongfully deprived the plaintiff of his liberty by subjecting him to arrest and maliciously prosecuting the plaintiff.

20. In addition to the damages suffered by the plaintiff as a result of being deprived of his liberty, as described above, the plaintiff was also damaged in that he was required to undergo diagnostic testing and treatment with drugs and medications; required to receive medical care and attention; severe mental anguish and distress and emotional upset; extensive expenses have been and/ or will be incurred for medical and hospital treatment; claimant has been otherwise injured; all of which injuries are permanent and extending into the future

21. Upon information and belief, the conduct of the defendants was consistent with the policies of the defendants City and Police Department, and as such the defendant City is directly liable for the actions of the police officer defendants.

22. Additionally, the defendant City is vicariously liable for the actions of the Defendant Giacalone as the actions alleged herein were within Giacalone's scope of the employment.

23. The defendants are jointly and severally liable.

24. By reason of the foregoing, the plaintiff is entitled to recover from the defendants pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial.

**WHEREFORE**, the plaintiff demands judgment against the defendants in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law. Plaintiff requests a trial by jury on all issues so triable.

Dated:   Brooklyn, New York
             December 19, 2019

Respectfully submitted,
SHIMKO LAW PC
*Attorneys for the Plaintiff(s)*

by: _____
Daniel Shimko
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
718-504-5533
dshimko@shimkolaw.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following individual through the Court's Electronic Filing System:

Attorney for Defendants
Brian Zapert
Acting Corporation Counsel of the City of
New York
100 Church St., Room 3-157
New York, New York 10007
(212) 356-2354
bzapert@law.nyc,gov

_____
Daniel Shimko